UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Andrew Bryant, | Court File No.: 11cv1398 (DWF/SER) |
| Plaintiff, | |
| vs. | **REPORT AND** |
| Central Intelligence Agency, | **RECOMMENDATION** |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

**I. BACKGROUND**

Plaintiff is attempting to sue the Central Intelligence Agency, ("CIA"), an agency of the United States Government. His complaint is based on several bizarre allegations, including the following:

(1) The Director of the Federal Bureau of Investigation has identified Plaintiff as a member of Al-Qaeda, and as result, the CIA has been torturing him. (Complaint, p. 4.)

1

(2) Plaintiff "was ordered by the NSA analog signal to travel to Mumbai/Bombay, India [in] January 2010." (*Id.*, p. 5.)

(3) After Plaintiff arrived in India, he "heard an analog signal from a man claiming to be Osama Bin Laden." (*Id.*)

(4) Plaintiff believes that the Russian Federation placed him under surveillance while he was in Bahmholder, Germany, because he was already under surveillance by the CIA at the time. (*Id.*)

(5) "[T]he Russian Federation tricked the CIA into believing Osama Bin Laden actually was in Pakistan, because of their sympathy for the plaintiff's situation and their possible disbelief the plaintiff would be surveyed by the CIA for such a lengthy duration." (*Id.*, pp. 5-6.)

(6) While Plaintiff was in Bahmholder, Germany, he was attacked by a "killer, poisonous, black spider" that "was placed in the plaintiff's dorm room by the NSA." (*Id.*, p. 6.)

(7) "The CIA attempted to disguise their torture by ordering the plaintiff to apply to the CIA [apparently for employment] during the time when the plaintiff was attending graduate school." (*Id.*)

The remainder of Plaintiff's complaint consists of other delusional allegations that are similar to those listed above. He is presently seeking a judgment against the CIA in the amount of $20,000,000.00 to compensate him for the "torture" that the CIA has allegedly inflicted upon him.

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous, or if the plaintiff is seeking relief from a party who is immune from suit.  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A pleading is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  The Supreme Court has held that federal courts, acting *sua sponte*, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely."  *Denton*, 504 U.S. at 33.  An IFP action, however, can be dismissed, *sua sponte*, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible."  *Id*., citing *Neitzke*, 490 U.S. at 325, 328.

In this case, Plaintiff's complaint is rife with bizarre references to killer spiders, phone calls from Osama Bin Laden, surveillance by the Russian Federation, "analog signals" sent by government agencies, and various acts of "torture," (none of which is described with any specificity).  Looking at the complaint as a whole, it obviously does "rise to the level of the irrational or the wholly incredible."  The Court therefore finds that Plaintiff's complaint is legally "frivolous," and it is subject to summary dismissal pursuant § 1915(e)(2)(B)(i).

The Court further finds that Plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B)(iii), because the only named Defendant, CIA, is a federal agency that is

immune from suit under the doctrine of sovereign immunity. *Manypenny v. United States*, 948 F.2d 1057, 1063 (8th Cir. 1991). *See also Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982), ("[t]he United States and its agencies are not proper defendants because of sovereign immunity"), *cert. denied*, 459 U.S. 1210 (1983). Under the doctrine of sovereign immunity, the United States and its agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been waived formally. *Manypenny*, 948 F.2d at 1063. Congress must express waiver unequivocally. *Id.*

Plaintiff failed to show that the federal government waived its immunity from the claims he is attempting to assert. Plaintiff has not cited, (nor is the Court independently aware of), any express congressional authorization for the lawsuit that Plaintiff is attempting to bring here. Therefore, this action is barred by the doctrine of sovereign immunity.[1]

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action must be summarily dismissed pursuant to § 1915(e)(2)(B)(i), because it is frivolous, and it must also be dismissed pursuant to § 1915(e)(2)(B)(iii), because the only named Defendant is immune from suit.

Because Plaintiff has not pleaded a viable claim for relief, his IFP application, (Docket No. 2), should be summarily denied.

---

[1] Plaintiff apparently recognizes that his lawsuit is barred by the doctrine of sovereign immunity, and he is therefore seeking a ruling that would "reverse the decision of *Manypenny v. United States.*" (Complaint, p. 9.) Needless to say, a federal district court has no authority to "reverse" a decision made by a higher court, such as the Eighth Circuit Court of Appeals. Moreover, it is unlikely that any higher court would overturn a doctrine as well established as sovereign immunity.

Finally, the Court notes that this is at least the eighth action that Plaintiff has attempted to bring in this District during the past four years. As far as the Court can tell, Plaintiff has not presented even one viable claim in any of the lawsuits that he has filed in this District. It appears to the Court that Plaintiff has grossly abused the federal court system, and that he is incapable of presenting a claim that can be entertained in federal court. Therefore, this Court recommends that the presiding District Court Judge in this case should seriously consider whether it would be appropriate to restrict Plaintiff's ability to file further actions in this District. This Court believes that Plaintiff should not be allowed to file any more actions in this District, unless he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.[2]

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

Dated: June 8, 2011
                                                                        *s/Steven E. Rau*
                                                                        Steven E. Rau
                                                                        U.S. Magistrate Judge

---

[2] Previously, Plaintiff was warned that if he continued to file frivolous lawsuits in this District, then it may become necessary to restrict his right to bring new cases. (*See Bryant v. Department of the Army*, Civil No. 11-1069 (DWF/SER), Report and Recommendation dated April 29, 2011, [Docket No. 5] at p. 4, n. 1.) In light of the gross inadequacy of Plaintiff's current pleading, this Court believes that the time to impose such restrictions has now come.

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 15, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.